IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

Case No. 1:15-cv-20407-KMM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

REAL PROPERTY KNOWN AS
4401 COLLINS AVENUE, UNIT 3315
MIAMI BEACH, FLORIDA 33140,

    Defendant.

_____/

**ORDER ON PLAINTIFF'S MOTION TO STRIKE**

THIS CAUSE came before the Court upon Plaintiff United States of America's (the "Government") Motion to Strike the Claim of Fontainebleau Florida Tower 2, LLC ("Fontainebleau") (ECF No. 35). Fontainebleau filed a Response (ECF No. 38) and the Government replied (ECF No. 41) and renewed their motion to strike based upon Fontainebleau's Amended Claim (ECF No. 37). Fontainebleau responded to the Second Motion to Strike (ECF No. 52) and the Government replied (ECF No. 62). The Motion is now ripe for review.

**I.   BACKGROUND**

On February 3, 2015, the Government filed a Verified Complaint for Forfeiture in rem against Real Property known as 4401 Collins Avenue, Unit 3315, Miami Beach, Florida 33140 (the "Defendant Property"). *See* Compl. (ECF No. 1). The Government seeks forfeiture under 18 U.S.C. § 981 because the Defendant Property "represents property involved in transactions" in violation of federal law and is real property that is "derived from proceeds traceable to a

violation of [various] offenses," including bank fraud. *Id*. ¶ 5. The record owner of the property is Elena Garcia, who took title to the property pursuant to a deed recorded in the official records of Miami-Dade County. On March 4, 2015, Fontainebleau filed a Notice of Claim to the Defendant Property. *See* (ECF No. 10). In the Notice of Claim, Fontainebleau asserted that its interest in the Defendant Property arises from a declaration[1] that encumbers the Defendant Property with various restrictive covenants. *Id*. On November 24, 2015, the Government filed its initial Motion to Strike Fontainebleau's Claim based on the claim's lack of verification (ECF No. 35). That same day, Fontainebleau filed an answer to the forfeiture complaint (ECF No. 36) and followed the next day with an Amended Verified Claim (ECF No. 37). Shortly thereafter, the Government moved to strike Fontainebleau's Amended Verified Claim (ECF No. 41).

The Government contends that Fontainebleau lacks standing as it has no property rights in the Defendant Property. Fontainebleau responds by arguing that it has suffered an injury in fact due to the current condominium unit's trespass upon Fontainebleau's real property and Ms. Garcia's unauthorized alteration of the condominium unit. Fontainebleau further asserts that the injury emanates from Fontainebleau's property interest, which is comprised of covenants running with the land and Fontainebleau's security interest as set forth in the Declaration.

## II.   APPLICABLE LAW

Standing "is the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 499 (1975). In civil forfeiture cases, a claimant must have both Article III standing and statutory standing. *United States v. $38,000 in U.S. Currency*, 816 F.2d 1538, 1543–44 (11th Cir. 1987). To properly assert Article III

---

[1]   The Defendant Property is subject to the Declaration of Fontainebleau II, a Condominium ("Declaration") recorded on or about December 30, 2004 in Miami-Dade County Office Records Book 22955, Page 1343. *See* (ECF No. 52-2).

standing a "claimant must demonstrate sufficient interest in the property such that there is a 'case or controversy' capable of adjudication by federal courts." *United States v. One Parcel of Real Prop. Located at 19127 SW 65th St., Pembroke Pines, Broward Cty., Fla*., No. 12-61226-CIV, 2013 WL 1023506, at *2 (S.D. Fla. Mar. 14, 2013).

This requires a claimant to demonstrate an "ownership or possessory interest in the property seized." *United States v. Nine Hundred Sixty Thousand Dollars in U.S. Currency*, 307 F. App'x 251, 255 (11th Cir. 2006) (quoting *United States v. Five Hundred Thousand Dollars*, 730 F.2d 1437, 1439 (11th Cir. 1984)); *see also United States v. $347,542.00 in U.S. Currency*, No. 99-6792-CIV, 2001 WL 335828, at *3 (S.D. Fla. Mar. 19, 2001) ("This requires illustration of a colorable ownership interest, possessory interest as bailee, or security interest in at least a portion of the defendant property."). "The economic harm to a party with a possessory interest in seized property, imposed by virtue of its liability to the owner of such property, can constitute a palpable injury sufficient to confer standing under Article III." *Via Mat Int'l S. Am. Ltd. v. United States*, 446 F.3d 1258, 1263 (11th Cir. 2006). Courts must look to state law to see what interest a claimant has in the property to be forfeited, but must look to federal law to determine whether that interest is forfeitable under the relevant statute. *United States v. Fleet*, 498 F.3d 1225, 1231 (11th Cir. 2007).

Statutory standing requires a claimant to comply with certain procedural requirements under the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture ("Supplemental Rules") and federal forfeiture statutes. *United States v. $12,126.00 in U.S. Currency*, 337 F. App'x 818, 819 (11th Cir. 2009). For example, Rule G(5) of the Supplemental Rules, requires claimants "to file both a verified claim asserting their interest in the seized property and an answer to the government's forfeiture complaint." *Id*. "As an in rem

3

proceeding, a civil forfeiture action is unlike most other civil actions in that the defendant is the property subject to forfeiture and, as such, it is the claimant, not the plaintiff, who has the burden to demonstrate standing by a preponderance of the evidence." *United States v. All Funds in the Account of Prop. Futures, Inc.*, 820 F. Supp. 2d 1305, 1325 (S.D. Fla. 2011), *aff'd sub nom. United States v. ADT Sec. Servs., Inc.*, 522 F. App'x 480 (11th Cir. 2013).

## III.  DISCUSSION

There is no case or controversy presented in Fontainebleau's amended claim.[2]  As an initial matter, Fontainebleau does not contest that it is Elena Garcia, and her successors, that possess ownership interest in the Defendant Property.  Therefore, Fontainebleau's claim must be based on a possessory interest in the Defendant Property for Fontainebleau to have Article III standing.  Contrary to Fontainebleau's assertions, the Declaration does not vest Fontainebleau with any property rights.

Declarations—like the one at issue here—are often referred to as a condominium's "constitution" that "strictly govern[] the relationships among the condominium unit owners and the condominium association." *Woodside Vill. Condo. Ass'n, Inc. v. Jahren*, 806 So. 2d 452, 456 (Fla. 2002).  The Florida Supreme Court has emphasized that "[r]easonable restrictions concerning use, occupancy, and transfer of condominium units are necessary for the operation and protection of the owners in the condominium concept." *White Egret Condo., Inc. v. Franklin*, 379 So. 2d 346, 350 (Fla. 1979).  The need for restrictions on condominium living was further explained by the Fourth DCA:

> [I]nherent in the condominium concept is the principle that to promote the health, happiness, and peace of mind of the majority of the unit owners since they are living in such close proximity and using facilities in common, each unit owner

---

[2]  As a claimant needs both Article III and statutory standing to contest a forfeiture, the Court need not reach the issue of whether Fontainebleau has statutory standing.

4

> must give up a certain degree of freedom of choice which he might otherwise enjoy in separate, privately owned property.  Condominium unit owners comprise a little democratic sub society of necessity more restrictive as it pertains to use of condominium property than may be existent outside the condominium organization.

*Hidden Harbour Estates, Inc. v. Norman*, 309 So. 2d 180, 181–82 (Fla. 4th DCA 1975).

As creatures of statute, declarations "may include covenants and restrictions concerning the use, occupancy, and transfer of the units," Fla. Stat. § 718.104(5), and all provisions of a declaration "run with the land, and are effective until the condominium is terminated."  Fla. Stat. § 718.104(7).  Moreover, the restrictive covenants contained in a declaration do not create an interest in property.  *See Homer v. Dadeland Shopping Ctr., Inc.*, 229 So. 2d 834, 836 (Fla. 1969) (reasoning that a restrictive covenant "is but a creature of equity arising out of contract"); *see also Cudjoe Gardens Prop. Owners Ass'n, Inc. v. Payne*, 779 So. 2d 598, 598–99 (Fla. 3d DCA 2001) ("[D]eed restrictions . . . are simply equitable rights arising out of the contractual relationship between and among the property owners and emphatically do not constitute interests in real estate . . . ."); *Kilgore v. Killearn Homes Ass'n, Inc*., 676 So. 2d 4, 7 (Fla. 1st DCA 1996).

It is on this point that Fontainebleau's theory of standing falls flat.  The Declaration only creates contractual obligations between owners of the condominium units and Fontainebleau.  It does not vest Fontainebleau with any property rights sufficient for Article III standing.  Nor does the Declaration bequeath Fontainebleau with power to enforce the restrictions against the Government in this in rem property forfeiture action.  At best, Fontainebleau is an unsecured creditor who has not perfected an interest in the Defendant Property.  As an unsecured creditor, Fontainebleau lacks standing to contest the forfeiture.  *See United States v. Watkins*, 320 F.3d 1279, 1282-84 (11th Cir. 2003) (unsecured or general creditors lack standing to contest forfeitures); *United States v. McCorkle*, 143 F. Supp. 2d 1311, 1322–23 (M.D. Fla. 2001)

5

(finding that judgment creditor who did not reduce judgment to lien on specific asset was simply an unsecured creditor).

## IV. CONCLUSION

Accordingly, The Government's Motion to Strike (ECF No. 41) is GRANTED and Fontainebleau's claims (ECF Nos. 10, 37) are hereby STRICKEN.  The Government's First Motion to Strike (ECF No. 35) is DENIED as MOOT.

DONE AND ORDERED in Chambers at Miami, Florida, this  15th  day of April, 2016.

*K. M. Moore*
K. MICHAEL MOORE
CHIEF UNITED STATES DISTRICT JUDGE

c: All counsel of record